Murray McConnell, plaintiff in error, v. Ellen Greene, defendant in error.

## Error to Morgan.

A sued B. in *ejectment*, and to sustain his title, introduced a deed from the Auditor of Public Accounts, dated January 23, 1835, for the premises in controversy. The deed recited a sale on the 19th of January, 1833, for the taxes due on the land for 1832. It appeared by an agreement filed in the case that the former owner died in the year 1833, and the defendant proved that he died prior to that year, but the precise day of his death was not stated. The defendant introduced and read in evidence a receipt bearing date February 8, 1841, signed by the Treasurer and countersigned by the Auditor, acknowledging a receipt from the heirs of the former owner of the redemption money on the sale of the Auditor to the plaintiff. The latter objected to its introduction, but the issue was found for the defendant and judgment rendered thereon: *Held,* that the agreement did not preclude either party from proving in what part of the year he died; that the plaintiff might show that his death was subsequent to the sale, and the defendant that he died prior thereto; that the evidence showed at least, that he was not living on the day of the sale, and, therefore, that a proper basis for the redemption was established: *Held, further,* that the receipt was competent evidence of the redemption.

Ejectment, in the Morgan Circuit Court, brought by the plaintiff in error against the defendant in error, and heard before the Hon. Samuel D. Lockwood upon the plea of not guilty, &c. The Court found the issue for the defendant, and rendered judgment accordingly.

The evidence introduced by the parties is stated by the Court.

*M. McConnell, pro se.*

*J. J. Hardin & D. A. Smith,* for the defendant in error.

The Opinion of the Court was delivered by

Treat, J. This was an action of *ejectment* commenced in October, 1841, by Murray McConnell against Ellen Greene, for the recovery of a tract of land lying in Scott county. A plea of not guilty was filed by the defendant.

The cause was heard by the Court at the July term 1842. An agreement of the parties entered into and filed on the 30th of June, 1842, was read in evidence, stating in substance, that prior to the year 1825, the land in dispute was purchased of the United States by William Ellige, who conveyed the same to William Lacy on the 19th of August, 1830; that Lacy died intestate in the year 1833, leaving the defendant, his widow, and several infant heirs, some of whom are not yet of age; and that the defendant has since remained in the possession of the land. The plaintiff then introduced a deed from the Auditor, bearing date the 23d of January, 1835, for the premises in question. The deed recited a sale to McConnell on the 19th of January, 1833, for the sum of $1·39, the amount of the taxes due on the land for the year 1832. The defendant then proved that Lacy died prior to the year 1833; and then read in evidence a receipt bearing date the 8th of February, 1841, signed by the Treasurer and countersigned by the Auditor, acknowledging the receipt of the sum of $2·78 from the heirs of William Lacy for the redemption of the land from the sale to McConnell. The plaintiff objected to the introduction of this testimony. The Court found the issue for the defendant, and judgment was entered accordingly. McConnell has sued out a writ of error. The decisions of the Court in admitting the evidence offered by the defendant, and in rendering judgment in her favor are assigned for error.

The sale of the land to McConnell was made under the provisions of *"An Act to provide for raising a revenue,"* approved the 19th of February, 1827. See the Revised Laws of 1827, page 325. The 4th section of that Act requires the Auditor, on the first Monday of January and the succeeding days of each year to sell all lands, except such as are listed for taxation in the counties in which they lie, for the non-payment of the taxes due thereon for the preceding year; and authorizes him to convey the same, and declares that his deed shall vest a perfect title in the purchaser, unless the land shall be redeemed, or the owner shall show that the taxes had been paid, or that the land

was not subject to taxation. The fifth section allows the owner to redeem within two years from the day of sale, by paying into the State Treasury double the amount for which the land was sold; and it further provides that lands belonging at the time of the sale in whole or in part to heirs under age, may be redeemed at any time before the expiration of one year from the time the youngest of them becomes of age; and then proceeds to prescribe the mode of such redemption and the character of the evidence to be exhibited, and requires the proof on which the redemption is founded, to be delivered to the Auditor and filed in his office. There is a question of serious importance, whether these provisions were not absolutely repealed by the 18th section of "*An Act concerning the Public Revenue*," approved February 27, 1833. See the Rev. Laws of 1833, page 528. A solution of the question is not essential to the decision of this case; and we will proceed to determine it on the assumption that the provisions of the former Act continued in force until the execution of the deed to the plaintiff, and the redemption of the land by the heirs of Lacy; for both of these facts transpired after the passage of the second Act.

It is insisted that the defendant was excluded by the stipulations, from proving that Lacy died prior to the year 1833. The agreement states generally, that he died during that year. This did not preclude either party from proving in what part of the year he died. The plaintiff had the privilege of showing that he died subsequent to the day of sale, for the purpose of defeating the redemption; and the defendant had the right to show that he died previously in order to sustain the redemption. The evidence showed at least, that he was not living on the day of sale, and therefore established a proper basis for the redemption. But in the absence of any explanation of the agreement, the Court would have been fully justified in presuming that he died prior to the day of sale, in order to protect the rights of the minors.

Again, it is contended, that the receipt presented by the defendant was not competent evidence of the redemption.

McConnell *v.* Greene.

We think otherwise. The evidence on which the Auditor allows a redemption of land is preserved in his office; and the receipt given by the Treasurer and countersigned by him, furnishes at least *prima facie* evidence of the fact of the redemption. It pre-supposes a decision of the Auditor allowing it. The presumption is, that he proceeded conformable to the law. Whether his decision is conclusive need not now be determined. If it is not, and his decision in this case was erroneous, the plaintiff might have avoided the effect of the redemption by producing a transcript of the evidence on which it was founded.

If the testimony was properly admitted, it follows that the Court decided correctly in rendering judgment for the defendant. The redemption divested whatever title the plaintiff acquired by virtue of the sale for taxes. The dower of the widow was thereby saved. The statute allows an heir having a partial interest in the premises to redeem. The redemption when made is perfect and complete, and extinguishes all the title acquired by the purchaser.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*